The defendant was convicted of shoplifting goods of a value not in excess of $15 in violation of § 53-63 of the General Statutes and has appealed. He assigns error in the denial of his requested changes in the finding, in the conclusions of the court, in the denial of his motion to dismiss and in the ultimate conclusion that upon all the evidence he was guilty beyond a reasonable doubt. The assignment of error directed to the denial of the defendant's motion to dismiss the information was not pursued in his brief and is therefore disregarded. Maltbie, Conn. App. Proc. §§ 167, 327.
The defendant contends that the court erred in finding certain facts which he asserts were found without evidence. These claims are futile. The challenged findings of facts are amply justified by the evidence. The defendant also claims error in the refusal of the court to find certain other facts which he claims were admitted or undisputed. Some of the suggested facts are not material. Beach v.First National Bank, 107 Conn. 1, 4. Other facts were neither admitted nor undisputed. "A fact is not an admitted or undisputed fact because the witness who testified to it has not been contradicted. The acceptance or rejection of testimony is a matter for the trial court." State v. Annunziato, 145 Conn. 124,129. The finding, as made, must stand.
The finding may be stated in summary as follows: The J. M. Fields department store located in Branford has a shoe department in which shoes offered for sale are displayed upon racks. Each pair of shoes so displayed are clipped together with a safety clip and security price tag. Signs are posted throughout the store advising the public that removal of such clips is prohibited. Various checkout *Page 394 
stations with cash registers are located throughout the store. Such checkout stations are located on the opposite side of the store, in relation to the shoe department. A customer who wishes to make a purchase presents the merchandise he has selected for purchase, together with the safety clip and price tag, at one of the checkout stations. The store has a great deal of trouble with customers' removing price tags, and in the shoe department an employee spends some two and one-half hours a day replacing tags and clips which have been removed by customers. On May 9, 1962, Rene Burelle was manager of the shoe department. Among the shoes displayed were a pair of black loafers. A tag was attached describing the shoes as style No. 19321, which was the style of the shoes alleged to have been unlawfully taken by the defendant. When Burelle placed shoes on display, he placed the empty boxes which had contained the shoes near the aisle in the shoe department. Burelle left the department for a short time and on returning observed the defendant bending over near the empty boxes. The defendant then walked past Burelle, and Burelle observed that the defendant was wearing nice "shiny shoes," the style being recognized by Burelle. Burelle then went to the empty boxes, and beneath them he found safety clips and a price tag for men's black loafers described as style No. 19321. He also found a pair of worn black loafers beneath the boxes, and he further observed that the black loafers formerly on display bearing style No. 19321 had been removed. Burelle ran through the store and came upon the defendant near the garden shop some 300 feet distant from the shoe department. There was a checkout station in this area. At this time the defendant was wearing new loafers similar in size and style to the pair missing from the rack. The defendant admitted ownership of *Page 395 
the old loafers found by Burelle, and the defendant also removed the new loafers, returning them to Burelle. At this time, the defendant had no money on his person.
Section 53-63 of the General Statutes provides in part as follows: "(b) Any person who wilfully takes possession of any goods, wares or merchandise offered or exposed for sale by any store . . . with the intention of converting the same to his own use, without paying the purchase price thereof" shall be punished. The statute further provides: "(c) Any person wilfully concealing unpurchased goods or merchandise of any store or other mercantile establishment . . . shall be prima facie presumed to have so concealed such article with the intention of converting the same to his own use without paying the purchase price thereof within the meaning of subsection (b) of this section. The presence of such unpurchased goods or merchandise concealed upon the person or among the belongings of such person shall be prima facie evidence of wilful concealment . . . ." The defendant's basic contention is that "concealed" as used in this statute means "to hide or withdraw from observation" and that his conduct was not such as would bring him within the intendment of subsection (c), and thus his conduct would not constitute prima facie evidence of concealment. The defendant then moved to dismiss the charge. The trial court, in denying the motion, held that the evidence adduced by the state was sufficient to establish prima facie evidence of concealment within the intendment of the statute. The defendant took an exception to the ruling.
"The intent of the General Assembly in passing the act, as expressed by it, is the controlling factor, and in ascertaining this `the application of common *Page 396 
sense to the language, is not to be excluded.'" State
v. Bello, 133 Conn. 600, 604. "Conceal" was defined in State v. Ward, 49 Conn. 429, 442, as follows: "The word `conceal' was not used in the statute in a technical sense. It includes all acts done which render the discovery or identification of the property more difficult." While it is true that the crime there charged was theft of a horse, the meaning of "conceal" as there applied would obtain in the case at bar. We hold that the ordinary and reasonable construction of the statute as it relates to the meaning of "concealed" is that urged by the state and accorded it by the trial court, and such construction is consistent with the meaning of "conceal" as defined in State v. Ward, supra. The conduct of the defendant could reasonably be found by the trial court, as it in effect did find, to include acts done which rendered the discovery or identification of the property more difficult. The ruling of the court was proper.
The defendant further contends that the court could not upon all the evidence have found him guilty beyond a reasonable doubt. We have examined the evidence, and we are satisfied that there was adequate evidence on which the court could find guilt proven beyond a reasonable doubt.
 There is no error.
In this opinion PRUYN and JACOBS, JS., concurred.