## State of Connecticut *v.* Alfred Atkins

Superior Court     Fairfield County     File No. 16282
AT Bridgeport

Memorandum filed January 4, 1966

*Otto J. Saur,* state's attorney, for the state.

*Weinstein & Weinstein,* of Norwalk, for the defendant.

MacDonald, J. This defendant has filed a motion to dismiss on the ground of invalidity of arrest and for lack of jurisdiction, apparently in reliance upon the recent decision of our Supreme Court in *State v. Licari,* 153 Conn. 127. Here, as in the *Licari* case, a bench warrant was issued without a showing of probable cause based upon oath or affirmation, but there the similarity of the two cases ends, for in the instant case the original arrest of the accused was clearly made upon probable cause, and the later issuance of a bench warrant, admittedly without supporting affidavit, in no way invalidated that original arrest.

At the oral argument of this motion on December 16, 1965, the following facts, as stated by the state's attorney, were not contested by counsel for the accused. On July 16, 1965, in response to a telephone

call from defendant himself, Detective Considine of the Stamford police, together with another officer, went to the home of the defendant and there talked with defendant and his wife, who both related to the officers, in each other's presence, that defendant had surprised a man, Raymond Crawford, in defendant's home and had shot him, as result of which Detective Considine informed defendant that he was under arrest on a charge of assault with a deadly weapon and advised him of his rights at that time.

This was clearly a classic case of arrest on speedy information, or arrest for probable cause. The standard laid down by the United States Supreme Court in *Beck* v. *Ohio,* 379 U.S. 89 (1964), requires that all arrests made by all officers, state, county and city as well as federal, be made only on probable cause for belief of guilt. The same court stated in *Henry* v. *United States,* 361 U.S. 98, 102 (1959), that "[p]robable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." To the same effect is the court's language in *Brinegar* v. *United States,* 338 U.S. 160 (1949), and in *Wong Sun* v. *United States,* 371 U.S. 471 (1963). Further, "the question is what constituted probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment." *Bell* v. *United States,* 254 F.2d 82, 86, cert. denied, 358 U.S. 885 (1958). There certainly can be no question as to the validity, under these standards, of the original arrest.

After the victim of the assault died, defendant was arrested again on August 12, 1965 (having been released on bail), and charged with first-degree murder, the arrest being based on an information issued by the Circuit Court for the first circuit at Stam-

ford.  On September 14, 1965, the admittedly defective bench warrant was issued, and on September 21, 1965, a grand jury returned a true bill charging defendant with second-degree murder.  Since the original arrest was valid, the subsequent proceedings, whereby a more serious charge was substituted by reason of the victim's ensuing death, did not serve to invalidate the original arrest.  As stated by the court in *Bell* v. *United States,* 254 F.2d 82, 86:  "Suppose the officer had arrested these men upon belief that they had committed a housebreaking, but . . . later information had disclosed a murder.  Would the arrest have been invalid?  Of course not.  So to hold would make a mockery of the Supreme Court's admonition . . . that probable cause is a matter of practicalities, not of technicalities."

Perhaps the short answer to all objections raised as to irregularities in procedure between the date of original arrest on July 16, 1965, and indictment by the grand jury on September 21, 1965, is found in the filing on September 21, 1965, of a general appearance in behalf of the defendant—not a special appearance to contest the jurisdiction of this court, but a general appearance submitting to such jurisdiction.

The motion to dismiss is denied.