STATE OF CONNECTICUT *v.* ALLEN R. BARNES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-67946

Argued April 17—decided August 4, 1967

*Albert S. Bill, Jr.,* of Hartford, for the appellant (defendant).

*John J. Devine, Jr.,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. In this case a nolle was entered by the state and the defendant has appealed, claiming that error was committed in the refusal of the court to rule on a demurrer and that the court further erred in allowing a nolle to be entered while the demurrer was pending. The state has filed a motion to dismiss the appeal, claiming it had the right to enter a nolle at any time prior to judgment; that a nolle is not a final judgment; that the defendant is attempting to raise a moot question; and that the defendant is not an aggrieved party.

Since there is no finding, we have resorted to the certified transcript to obtain an understanding of the matter. It thus appears that the defendant appeared in court and when his case was reached, but before arraignment, the state made a brief statement and then informed the court it was issuing a nolle prosequi, which was thereupon entered. The defendant's attorney then addressed the court, taking exception to the entry of the nolle prosequi and claiming that the defendant's constitutional rights were involved. It further appears from the colloquy between the defendant's attorney and the court that both an appearance and a demurrer had

been filed with the clerk in the courtroom shortly before the matter was nol-prossed. The defendant had not been arraigned and the demurrer, if any, does not appear in the record. The court stated in effect that since a nolle prosequi had been entered by the state prior to the arraignment there was no issue before the court requiring further action.

The purpose and necessity of an arraignment or presentment are to fix the identity of the accused, to inform him of his constitutional rights if necessary, to inform him of the charge against him, and to give him an opportunity to plead. General Statutes § 54-1b; 21 Am. Jur. 2d, Criminal Law, § 452. "Arraignment is calling the prisoner to the bar of the court to answer to the matter charged in the indictment or information." 2 Swift, Digest, p. 396 (1823). As pointed out by Judge Swift, the prisoner, upon being arraigned and put to plea, may plead several pleas, among which is a demurrer. Id., c. 19. But a demurrer or any plea must in point of sequence follow and not precede the arraignment, for until there is an arraignment there is no issue pending before the court to which to plead. Furthermore, the entry of a nolle prosequi under these circumstances is not a final judgment from which an appeal lies, for before jeopardy attaches the nolle does not operate so as to prevent further prosecution. 21 Am. Jur. 2d, Criminal Law, § 180.

A nolle prosequi was entered prior to arraignment. The defendant claims that at that stage of the proceedings error was committed in such an entry. In Kosicki, "The Function of Nolle Prosequi and Motion to Dismiss in Connecticut," 36 Conn. B.J. 159, it is stated (pp. 162, 166): "It is doubtful whether in any jurisdiction in the United States the prosecutor has greater discretion in nol-prossing cases than in Connecticut and with less degree of

restraint imposed on his acts. . . . A nolle may be entered at any time, even against objection of the defense, provided trial has not substantially begun." See *United States* v. *Foster,* 226 A.2d 164 (D.C. App.); 21 Am. Jur. 2d, Criminal Law, § 512.

The defendant relies heavily upon *Klopfer* v. *North Carolina,* 386 U.S. 213, to support his contention that he was entitled to a speedy trial and that the action of the prosecutor frustrated this right. Klopfer, a college professor, was indicted in 1964 for criminal trespass. His trial in March of 1964 resulted in a mistrial, the jury failing to agree, and the case was continued for the term. In April, 1965, the state's solicitor informed the defendant he intended to have a nolle prosequi entered in the matter. The defendant opposed the entry, whereupon the solicitor moved for another continuance, which motion was granted. The calendar for the August, 1965, criminal session of the court did not list the case for trial. At this time the defendant filed a motion for the purpose of ascertaining when he would be brought to trial. In response to this motion, and over the defendant's objection, the court granted the state's motion to enter a nolle prosequi, without any stated justification. The defendant appealed to the Supreme Court of North Carolina on the ground that he had been deprived of his right to a speedy trial, but his appeal was denied. On appeal to the United States Supreme Court, it reversed and remanded the case, holding that North Carolina's procedural device, known as "nolle prosequi with leave," was invalid in that it violated the petitioner's right to a speedy trial.

The situation presented in *Klopfer* may be distinguished from that in the instant case. In *Klopfer,* postponement of the trial followed postponement until finally, after eighteen months had elapsed, the solicitor, over objections by the defend-

ant, entered a nolle prosequi, the defendant in the meantime being held subject to trial. During this period there was no means by which the defendant could obtain a dismissal or have the case restored to the calendar for trial. But aside from such distinctions, a more serious procedural question arises. In the first place, the merits of the demurrer are not before us for review, for the demurrer is not included in the record and this is so since there was no issue then before the trial court to which the defendant could demur. Second, any right to a speedy trial as claimed in argument and brief by the defendant was not a question confronting the trial court. Since the trial court could make no ruling on these matters, there is nothing upon the subject before this court upon which it can act. *Priday* v. *Bacon,* 125 Conn. 354, 358. "Any claim of error, to be effective, must be supported by the record, and this principle applies to writs of error as well as appeals." Maltbie, Conn. App. Proc. § 310.

The appeal is dismissed.

In this opinion KOSICKI and KINMONTH, Js., concurred.