STATE OF CONNECTICUT *v.* MILTON N. ACKERMAN

SUPERIOR COURT          TOLLAND COUNTY          FILE No. 2663

Memorandum filed August 21, 1967

*Joel H. Reed II,* state's attorney, for the state.

*Alexander A. Goldfarb,* of Hartford, for the defendant.

KLAU, J. The defendant moves to dismiss counts one and three of the information and bench warrant issued against him on the grounds that a prior information and bench warrant obtained by the state (Superior Court, Tolland County, No. 2604) on or about August, 1965, charging him with two counts of forgery and one count of conspiracy, was nolled by the state's attorney on December 14, 1965, and thereafter the defendant was discharged from custody. The present information is based upon a bench warrant issued by this court on March 7, 1967, for the arrest of the same defendant, charging him in counts one and three with the same crimes as were recited in the information contained in file No. 2604.

The defendant claims that the neglect or refusal of the state to prosecute him on the previous information from December 14, 1965, the date the state's attorney entered a nolle on that information, until March 7, 1967, the date of the present bench warrant, a total of fifteen months, particularly since the present information revives counts one and three of the original information, constitutes a denial of the defendant's right to a speedy trial, in violation of the sixth amendment to the United States constitution and article first, § 8, of the constitution of the state of Connecticut. The defendant relies particularly on *Klopfer* v. *North Carolina,* 386 U.S. 213, decided March 13, 1967, as the justification for his present motion.

At the time the nolle was entered, as a result of the decision in *State* v. *Licari,* 153 Conn. 127, decided November 9, 1965, the defendant was not present in court and neither was his attorney, although his attorney had filed a motion to dismiss the information for lack of supporting affidavits, on the basis of *State* v. *Licari.* The defendant had entered no plea to the original information and bench warrant. The only comment of the court was the announcement that "Nolle may enter."

A nolle prosequi, when unconditionally entered, is a dismissal of indictment, and no conviction can be had except by beginning a new case against the accused. *State ex rel. Hobbs* v. *Murrell,* 170 Tenn. 152. Nolle prosequi is nothing but a declaration of the prosecuting officer that he will not prosecute the suit further at that time. *State* v. *Kopelow,* 126 Me. 384. Upon the entering of a nolle prosequi by the state's attorney, there is no case. The defendant is released from custody and is free to come and go as he pleases. In this case, the defendant was a free man, privileged to return to his state of residence and with no restrictions whatsoever. The defendant was not deprived of his right to speedy trial, as upon the entry of a nolle prosequi there was no case pending against him. No plea had been entered by the defendant, and no trial had been started.

On March 9, 1967, the state's attorney appeared before the Superior Court for Tolland County and presented to the court an application for a bench warrant and information against Milton N. Ackerman, supported by two affidavits, charging the defendant with two counts of forgery and one count of conspiracy. The court found probable cause existed for the issuance of a bench warrant, and a bench warrant was so issued. This matter was a

new case and was entered on the court docket as a new case, bearing docket No. 2663. The defendant subsequently voluntarily appeared within the jurisdiction, and the bench warrant was duly served on him and he was duly arrested.

The *Klopfer* case, supra, cited by the defendant, is not pertinent to the case at hand. In that case, under North Carolina law, even though the case had been nolled with leave, it still remained on the docket subject to trial at any time upon call of the solicitor. The defendant sought a trial after entry of the nolle for more than a year but his request for a trial was denied, and finally, after more than a year, he was put to trial over his objection. In *Klopfer,* the Statute of Limitations was tolled. In the prior information (Docket No. 2604), after the nolle was entered upon the docket of the court, the information no longer remained alive or of any effect and there was no case pending before the court. The Statute of Limitations continued to run. In order to prosecute the defendant, it was necessary to proceed under a new information and bench warrant with an affidavit to support a finding of probable cause.

The defendant has not been denied his right to a speedy trial as guaranteed him by the sixth amendment to the United States constitution and article first, § 8, of the constitution of the state of Connecticut.

The defendant's motion to dismiss counts one and three of the information in the above-entitled case is denied.