## STATE OF CONNECTICUT *v.* FRANK PAVLOWSKI

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 18588
AT BRIDGEPORT

Memorandum filed September 17, 1969

*Donald A. Browne,* assistant state's attorney, for the state.

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the defendant.

GRILLO, J. The question for determination posed by this motion is as follows: Can the state's attorney, following a legally unassailable bind-over of the defendant from the Circuit Court to the Superior Court on one criminal charge, add a second count to the information charging him with the commission of the additional crime, unrelated to the original offense on which he was bound over, without the issuance of a bench warrant predicated on probable cause and supported by oath or affirmation? See U.S. Const. amends. IV, XIV § 1; Conn. Const., art. I § 7.

The defendant contends that while there are numerous cases in this state involving informations

filed by state's attorneys specifying offenses different from those charged at the probable cause hearing, the underlying facts and circumstances on which the probable cause hearing was held and those prompting the action of the state's attorneys in their accusations were identical. That is to say, the state's attorneys merely substituted, as was their right, an offense different from that charged by the prosecutor at the hearing on probable cause. The defendant maintains that the rightful authority of the state's attorney is to be distinguished from that exercised in the present case when the state's attorney added a completely new charge, unrelated in fact or circumstance to the charge which was the subject of inquiry in the Circuit Court.

On February 28, 1969, the defendant was arrested in Stamford, Connecticut, and accused in the Circuit Court in the first circuit of having received stolen goods. General Statutes § 53-65. He was bound over to the Superior Court on June 26, 1969, and by information filed in the Superior Court was charged with the crime of larceny. § 53-63 (a). This procedure is not challenged.

On March 11, 1969, the defendant was again arrested in Stamford, and he was charged in the Circuit Court in the first circuit with the crime of conspiracy. § 54-197. On June 26, 1969, the prosecutor entered a nolle prosequi on that charge. It would appear that the state's attorney, taking into consideration the information on which the charge of conspiracy was based, added another charge, i.e., larceny under § 53-63 (a). It further appears that the two counts do not arise out of the same set of facts.

In support of the contention that the court had no jurisdiction over the person of the defendant with reference to the second count, the defendant cites

*State* v. *Stallings,* 154 Conn. 272, *State* v. *Licari,* 153 Conn. 127, and *State* v. *Ackerman,* 27 Conn. Sup. 209.

There can be no doubt that the jurisdiction in the Circuit Court over the person of the defendant through the bind-over procedure relating to the charge of receiving stolen goods was transferred to the Superior Court. *State* v. *Smith,* 27 Conn. Sup. 429. This is so because the information (first count) filed by the state's attorney was not the commencement of a new proceeding but merely a substitution of the information (accusing the defendant of larceny) for the complaint in the progress of the prosecution commenced in the Circuit Court. *State* v. *Ward,* 49 Conn. 429, 437.

Jurisdiction over the defendant asserted via the original valid arrest of February 28, 1969, and proceedings in the Circuit Court—which jurisdiction was transferred to the Superior Court—quite clearly was not invalidated and did not vanish upon the preferring of the additional count. See *State* v. *Atkins,* 26 Conn. Sup. 207. Since this jurisdiction attached in the Superior Court, the state's attorney had no occasion to "seize" the defendant by resorting to the bench warrant process pursuant to the constitutional safeguards required under the federal and state constitutions. Although the defendant was admitted to bail, he was still in the custody of the law when his case was removed to the Superior Court. *State* v. *Bates,* 140 Conn. 326, 330. There was no need of process to bring him before that court. *State* v. *Keena,* 64 Conn. 212, 213. The filing of the additional count was therefore proper.

Neither would it be in the interest of justice to either the defendant or the state to indulge in a fiction ascribing to the defendant a schizophrenic

status, jurisdictionally speaking, to the effect that while he is properly under the jurisdiction of the court as to count 1, he is not "in court" as to count 2. Fictions of the law are invented for the promotion of justice and are not allowed to work injustices or to defeat the policy of the state. 36A C.J.S. 377, Fiction.

The procedure which was followed in this case served the desirable end of expediting disposition of criminal cases to the mutual benefit of the defendant and the state. See *State* v. *Stallings,* 154 Conn. 272, 278. Realistically speaking, under the circumstances of this case the procedure adopted was much less burdensome on the defendant than that which would have followed the issuance of a bench warrant. General Statutes § 54-43.

With reference to the defendant's attempt to draw an analogy between the present case and those cited above, only the following observations need be made: In *State* v. *Licari,* 153 Conn. 127, the Superior Court never acquired jurisdiction over the defendant's person since the arrest was invalid, it having been made pursuant to the authority of a constitutionally defective bench warrant. In the instant case, the original arrest of February 28, 1969, was valid. In *State* v. *Stallings,* 154 Conn. 272, when a warrant was issued, no probable cause hearing having been held, it was necessary to issue it in order to bring the accused before the Superior Court. In *State* v. *Ackerman,* 27 Conn. Sup. 209, the accused had been released from custody following the entry of a prior nolle prosequi. In order for the Superior Court to assert jurisdiction over the accused, which it never had previously, it was necessary to issue a bench warrant. Briefly stated, these cases have one fact in common distinguishing them from the present case: In each instance there was

no proceeding pending against the accused in the Superior Court when the bench warrant was issued, and thus it was impossible for the state's attorney to proceed by information alone.

The motion to dismiss count 2 is denied.