## State of Connecticut v. Anonymous (1975–2)*

APPELLATE SESSION OF THE SUPERIOR COURT

BARBER, J. The defendant was charged in the Circuit Court with a violation of a municipal ordinance pertaining to the distribution of handbills. The defendant filed a motion to dismiss the charge on the ground that the ordinance is "facially and as applied to the alleged actions of the defendant, violative of Article I, Section 5 of the Connecticut Constitution and the First Amendment to the Constitution of the United States." Before the motion was heard, the prosecuting attorney entered a nolle prosequi, sometimes called a nolle.[1] Notwithstanding the entry of the nolle, the defendant requested the court to rule on the motion to dismiss. The court decided that once the prosecuting attorney had entered a nolle there was nothing before the court on which to act, and it did not rule on the motion to dismiss.

---

* Thus entitled, in view of General Statutes § 54-90.

[1] For the court year ending June 30, 1974, there were 66,069 nolles entered in the Circuit Court. Conn. Judicial Council 24th Rep., p. 54 (1974).

The defendant has appealed from the refusal of the court to decide his motion to dismiss. He assigned as error the court's refusal to permit counsel to argue that the court retained jurisdiction to hear the motion to dismiss; the court's holding that no motion was before the court following the entry of the nolle by the prosecutor; the court's refusal to decide the motion to dismiss; the court's denial of the defendant's right to a speedy trial or other final disposition of the charge; and the court's failure to dismiss the charge on the ground that the ordinance under which the defendant was prosecuted was unconstitutional as claimed. The state claims that the defendant is not aggrieved and that there is no appealable judgment of the Circuit Court. The state moved to dismiss the appeal.

A nolle prosequi is a formal entry of record that the attorney for the state will not further prosecute. 5 Wharton, Criminal Law and Procedure § 2069. The practice is of ancient origin. See Kosicki, "The Function of Nolle Prosequi and Motion to Dismiss in Connecticut," 36 Conn. B.J. 159. The rules of the Circuit Court provided that a prosecuting attorney had authority to nolle a given case and that nolles were to be entered on the record with a brief statement by the prosecuting attorney in open court. Practice Book § 839.[2] The power to enter a nolle prosequi is discretionary with the attorney for the state. *State* v. *Main,* 31 Conn. 572, 576; 21 Am. Jur. 2d, Criminal Law, § 514. A nolle prosequi may be entered without the consent of a defendant. *State* v. *Barnes,* 4 Conn. Cir. Ct. 464, 467; 22A C.J.S., Criminal Law, § 457b. While a nolle prosequi is not an acquittal, it constitutes a termination of the proceeding. *Hing Wan Wong* v. *Liquor Control Commission,* 160 Conn. 1, 5; *See* v. *Gosselin,* 133 Conn.

[2] The rules for the Superior Court require only that the clerk make a record of a nolle. Practice Book § 477.

158, 160. Thereafter the defendant cannot be further prosecuted except by the state's beginning a new case against him. *State* v. *Ackerman,* 27 Conn. Sup. 209, 211.

This case was terminated by the prosecuting attorney and not by the court. He did so before the defendant had entered a plea or a trial had commenced. The nolle removed the case from further consideration by the court. "Upon the entering of a nolle prosequi by the state's attorney, there is no case." Ibid. There was no final judgment or action of the court. Appeals from the Circuit Court were allowed only from final judgments or actions of the court. General Statutes § 51-265 (later amended; see § 52-6a); Maltbie, Conn. App. Proc. § 10. On conviction in a criminal case, the imposition of the sentence is the final judgment of the court. *State* v. *Moore,* 158 Conn. 461, 463; *State* v. *Smith,* 149 Conn. 487, 489.

A defendant is not placed in jeopardy by the entry of a nolle prosequi before he is put to trial. 22 C.J.S., Criminal Law, § 254; see *United States* v. *Jorn,* 400 U.S. 470, 479. In any event, the defense of double jeopardy would be available on a subsequent proceeding, if any.

Similarly, the defendant's right to a speedy trial would be a matter to be determined in the event of a subsequent proceeding. The case of *Klopfer* v. *North Carolina,* 386 U.S. 213, is distinguishable. Under North Carolina law, the attorney for the state could have the case, which had been nolled, restored to the docket for trial, and in the meantime the Statute of Limitations remained tolled. Connecticut law is different. Here the Statute of Limitations runs, and prosecution may be resumed only on a new information and a new arrest. General

Statutes § 54-193; *State* v. *Ackerman,* 27 Conn. Sup. 209, 211. Provision is also made for the erasure of the record. General Statutes § 54-90 (c).

This court concludes that there was no final judgment or action of the Circuit Court from which the defendant can appeal. A defendant cannot prolong consideration of a case in court except to redress or prevent actual injury which he may suffer from a final judgment or action of the court in that proceeding.

The motion of the state to dismiss the appeal is granted.

In this opinion SPEZIALE and SPONZO, Js., concurred.