STATE OF CONNECTICUT *v.* PAUL E. DALEY
(5220)

SPALLONE, BIELUCH and BERDON, Js.

Argued March 10—decision released June 2, 1987

*Thomas J. Keramidas,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, for the appellee (state).

BERDON, J. After a trial to a jury, the defendant was convicted of operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a (a). The sole issue presented in this appeal is whether the trial court erred in refusing to allow the defendant to rehabilitate a witness after the witness' credibility was attacked on cross-examination. We find no error.

An issue at the trial was whether the defendant was operating the motor vehicle which was owned by Theodore Levesque. The jury could reasonably have found the following facts. When a Waterford police officer observed the motor vehicle operated by the defendant leave the parking lot of the Waterfront Cafe at a high rate of speed, he gave chase, radioing ahead to advise other officers that he was attempting to stop the vehicle. As the vehicle entered Niantic, it was followed by a local police officer. The Niantic police officer was positioned within fifteen feet of the vehicle when it finally came to rest in a parking lot. The officer saw two silhouettes in the rear of the automobile and one in the front seat moving from the driver's side to the passenger's side. When the officer approached the automobile, he found the defendant with his upper body on the passenger's seat, his lower body on the driver's side and his feet near the accelerator and brake. At the scene, the defendant denied having operated the motor vehicle.

At trial, the defendant testified that he did not operate the motor vehicle and claimed that it was driven by the owner Levesque. The defendant called Levesque as a witness. Prior to questioning him, the jury was

excused and Levesque was advised by the court of his privilege against self-incrimination. When the jury returned, Levesque asserted this privilege and refused to answer any of the questions propounded to him by defense counsel.

The state, without objection, then proceeded to cross-examine the witness bringing into issue his credibility by showing his relationship with the defendant and that he had discussed the case with the defendant on the day of trial and on a previous occasion. On redirect examination, Levesque testified that he had been served with a subpoena to appear in court. The court then sustained objections to questions which sought to elicit that Levesque refused to obey the subpoena and was compelled to appear by a sheriff as a result of a capias issued by the court. The defendant claimed that this evidence was necessary in order to rehabilitate the credibility of the witness.

Ordinarily, within the discretion of the court, "a witness is permitted on redirect examination to explain or clarify any relevant matters in his testimony which may have been weakened or obscured by his cross-examination." *State* v. *Conrod,* 198 Conn. 592, 596, 504 A.2d 494 (1986); *State* v. *Graham,* 186 Conn. 437, 448, 441 A.2d 857 (1982). It is fundamental, however, that when the credibility of a witness is attacked on cross-examination, the other party has a right to rehabilitate his witness during redirect examination. "Under our adversary system of trials the opponent must be given an opportunity to meet this attack [on credibility] by evidence sustaining or rehabilitating the witness." C. McCormick, Evidence (3d Ed.) § 49, p. 115; F. Wharton, Criminal Evidence (14th Ed. Torcia) § 452; C. Tait & J. LaPlante, Connecticut Evidence § 7.28; see *State* v. *Glenn,* 194 Conn. 483, 499, 481 A.2d 741

(1984);[1] *State* v. *Ward,* 49 Conn. 429, 442 (1881); *Merriam* v. *Hartford & N. H. R. R. Co.,* 29 Conn. 354 (1850).

Since Levesque refused to testify on direct, his credibility was not relevant and, therefore, there was nothing to rehabilitate.[2] The defendant, however, argues that the jury could have drawn an inference from Levesque's fifth amendment refusal to testify. The refusal of a witness to testify, on the ground that it would incriminate him, could not be the basis for any inference. *People* v. *Thomas,* 51 N.Y.2d 466, 473, 434 N.Y.S.2d 941, 415 N.E.2d 931 (1980). "[T]he general rule is that when a witness, other than the accused, declines to answer a question on the ground that his answer would tend to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant." Annot., 24 A.L.R.2d 895, 896.

There is no error.

In this opinion the other judges concurred.

---

[1] "Having undertaken to enhance his credibility before the jury on his direct examination, the state was entitled to flesh out that image on cross-examination within the context of his direct testimony. Not to have been permitted to do so would have subverted the truth-finding process . . . ." *State* v. *Glenn,* 194 Conn. 483, 499, 481 A.2d 741 (1984).

[2] The defendant also argues that the state "opened the door" to credibility and he should, therefore, have been permitted to pursue this line of inquiry. When one side opens the door by eliciting inadmissible evidence, whether to allow rebuttal evidence is within the sound discretion of the court. *State* v. *Graham,* 200 Conn. 9, 13, 509 A.2d 493 (1986). The trial court did not abuse its discretion in this case.