## COMMONWEALTH vs. VICTOR BALBONI.

No. 88-P-699.

Worcester. December 12, 1988. — January 12, 1989.

Present: GREANEY, C.J., CUTTER, & ARMSTRONG, JJ.

*Shoplifting. Practice, Criminal,* Instructions to jury, Argument by prosecutor. *Words,* "Conceal."

At the trial of a complaint for shoplifting, framed under G. L. c. 266, § 30A, 2d par., the Commonwealth's evidence was sufficient to establish that the defendant, while in a supermarket, concealed about ten cartons of cigarettes within a previously unopened paper bag and that he harbored an intent to steal the merchandise. [752]

At the trial of a complaint for shoplifting, the judge's unobjected-to instructions as to concealment of merchandise and intent to steal created no substantial likelihood of a miscarriage of justice. [753-754]

At the trial of a complaint for shoplifting in a supermarket, it was proper for the prosecutor, during closing argument, to contrast the defendant's conduct in the store with the actions expected of an ordinary customer. [754-755]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on February 26, 1988.

On appeal to the jury session of that division the case was tried before *Austin T. Philbin,* J.

*Lee A. Drizin* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.

GREANEY, C.J. A jury in a District Court found the defendant guilty of shoplifting by concealment pursuant to the second paragraph of G. L. c. 266, § 30A, inserted by St. 1981, c. 618, § 3.[1] The merchandise consisted of several cartons of cigarettes.

---

[1] This statute provides, in pertinent part, that "any person who intentionally conceals upon his person or otherwise any merchandise offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of proceeds, use or benefit of such merchandise or

. Represented by new counsel on appeal, the defendant contends that (1) the Commonwealth did not establish that he concealed the cigarettes with intent to steal them, (2) the judge gave misleading jury instructions on the element of concealment, and (3) the prosecutor made improper remarks in his closing argument. None of these points was preserved at trial by an appropriate motion or objection. We affirm the conviction.

The only witness at the trial was the arresting officer, whose testimony warranted the jury in finding the following facts. On February 25, 1988, while employed on a plainclothes detail by a supermarket located at 50 Mill Street in Worcester (a detail he had worked for thirty years), the officer noticed the defendant in a food aisle acting "suspiciously." The defendant was observed approaching a cigarette rack and, according to the officer, "look[ing] around purposefully in different parts of the store where the cash registers are." The defendant had several flat unopened bags on the bottom of his shopping cart. There was nothing else in the carriage. He then returned to the cigarette rack and removed two cartons of cigarettes, which he subsequently placed in an open bag in his cart.

In an attempt to avoid being spotted, the officer proceeded to walk around the store, staying within the general vicinity of the defendant. While doing so, the officer saw the defendant place additional cartons of cigarettes in the open bag. The officer then walked down the aisle where the defendant's shopping cart was placed and glanced into the bag, where he observed a number of cartons of cigarettes. He then observed the defendant take two more cartons of cigarettes off the rack. In all, the officer saw the defendant place about ten cartons of cigarettes inside the bag.

The officer approached the defendant and identified himself as a police officer by showing his badge. The defendant put up a "little struggle" and was told by the officer that he was under arrest. Although the defendant protested that he had not yet taken the cigarettes from the store, he was subsequently

converting the same to the use of such person without paying to the merchant the value thereof" shall be punished by the penalty specified therein.

taken to an office and searched. The search revealed that the defendant had no money on his person.

1. The Commonwealth's evidence was sufficient to establish the concealment and intent elements of the offense.

The term "conceal" is not defined in the statute. Resort properly may be made to the common understanding of the term as disclosed by dictionaries and other sources. The word implies the covering of an object to keep it from sight or the withdrawal of the object from observation to prevent its discovery. Black's Law Dictionary 261 (5th ed. 1979). In the context of the statute prohibiting receiving stolen goods, G. L. c. 266, § 60, "concealment" has been defined as "no more than action making it more difficult for the owner to discover the property." *Commissioner of Pub. Safety* v. *Treadway*, 368 Mass. 155, 160 (1975). See *Commonwealth* v. *Dias*, 14 Mass. App. Ct. 560, 563 (1982). See also *State* v. *Ward*, 49 Conn. 429, 442 (1881); *State* v. *Zeig*, 24 Conn. Supp. 392 (Cir. Ct. App. Div. 1963) ("concealed" encompasses acts which render discovery or identification of property more difficult).

The defendant's placing of cartons of cigarettes in a previously unopened bag could properly be found to be conduct designed to prevent discovery or identification of the merchandise because that conduct withdrew the cigarettes from the ordinary view of store patrons and personnel. The officer would not have known that the cigarettes were in the bag if he had not been closely observing the defendant's movements and had not actually looked inside the bag. We do not agree with the defendant that the officer's ability to see the cigarettes in "plain view" when he availed himself of the opportunity to look inside the bag negated the element of concealment.

As to the element of intent, the circumstances testified to by the officer, particularly the defendant's actions and demeanor in surveying the store, his removal of the cigarettes from the display rack and placement of them out of direct view in the bag in his shopping cart, and his lack of any money to pay for the cigarettes permitted the jury properly to infer that the defendant harbored an intent to steal the merchandise.

2. The judge's instructions on shoplifting by concealment are set forth in the margin.[2] The defendant contends that the instructions provided the jury with no guidance in determining what conduct constituted concealment. He also argues that the instructions improperly conveyed to the jury that "mere control of the merchandise may suffice to satisfy the requirements of shoplifting." This was erroneous, he argues, because the shoplifting by concealment provision in G. L. c. 266, § 30A, requires proof beyond the fact that the defendant had mere possession or momentary control of the cigarettes. No objection was made by the defendant's trial counsel to the instructions. We examine the defendant's contentions to ascertain whether anything was stated (or left unstated) in the instructions which would create a substantial risk of a miscarriage of justice.

We discern no such risk. Contrary to the defendant's contention, the judge's charge did not allow the jury to convict the defendant for mere possession of, or momentary control over, the cigarettes. Rather, when read as a whole, the instructions informed the jury not only that the defendant had to possess and conceal the merchandise, either on his person or under his control, but that he also had to do so with an intent to steal.

Further, the statutory term "conceals," as used in § 30A of c. 266, is not a term which is beyond the understanding of the ordinary juror. It does not have a latent or special legal meaning. Moreover, the term was properly put in perspective by counsel's closing arguments, which addressed the circumstances leading up to the defendant's arrest in view of what was needed

---

[2] "The defendant is charged with shoplifting by conceal[ing] merchandise. Now, unless you have found that the Commonwealth has proved this beyond a reasonable doubt, you cannot find the defendant guilty. Now, basically, what it is that you must find beyond a reasonable doubt is that the defendant intentionally concealed on his person or otherwise merchandise intend[ing] . . . to deprive the merchant of the proceeds, use, or benefit of such merchandise, that [is,] converting the same to himself without paying to the merchant the value thereof.

"(inaudible) possession of the merchandise, did he keep it without paying the value thereof, and conceal[ ] on his person or under his control merchandise with the intent to deprive the merchant of the proceeds o[r] the value of the merchandise without paying for it."

for conviction. Both counsel focused their summations on whether the defendant's conduct, as testified to by the officer, established that the defendant had intentionally concealed the merchandise with the purpose of stealing it. The defendant's trial counsel argued that the defendant was not concealing the cigarettes because the cigarettes were in plain view and because the defendant did nothing more than place them in a bag in his shopping cart. In response, the prosecutor argued that the defendant's furtive behavior — constantly looking around the store, sometimes walking around between trips back and forth from the display rack to the shopping cart to place cartons of cigarettes in the empty bag — demonstrated that the defendant intended to conceal the merchandise so that he could steal it.[3]

In sum, the jury could not have been misled by the judge's instructions. They were apprised of what they had to determine, and they were free to draw from their own common understanding and experiences in deciding whether the defendant concealed the cigarettes with the requisite intent. While future jury instructions will benefit from a definition of the word "conceal" in accordance with the definitions set forth in part 1 above, the instructions given by the judge were adequate both on the concealment and the state of mind elements of the crime.

3. The defendant argues that the prosecutor in his summation made improper and prejudicial statements concerning the issue of concealment. He contends that the prosecutor unfairly argued to the jury that concealment may be defined by how a shopper would normally act in a supermarket. This, he claims, led the jury to believe that they could infer concealment if they were satisfied that the defendant was acting in a manner other than what would be considered normal behavior in a supermarket. He maintains that this was improper because the statute requires

---

[3] This is not to suggest that arguments of counsel can cure defective instructions on the law to the jury. We only point out that, in this case, the arguments of counsel conveyed to the jury the meaning of a commonly used word in a clear and understandable way, further supporting our conclusion that there was no risk of misunderstanding by the jurors here nor any risk of a miscarriage of justice.

concealment actually to be proved and not inferred. The defendant's trial counsel made no objection to the prosecutor's closing argument.

The prosecutor's summation was proper. In contrasting the defendant's unusual conduct in the store with the actions expected of an ordinary customer, the prosecutor was not attempting to lead the jury to draw an unfair inference unsupported by by the evidence. See *Commonwealth* v. *Silva*, 388 Mass. 495, 508 (1983) (proper for counsel to use analogy and example as an aid to effective and aggressive argument). Considering the prosecutor's short closing argument in its entirety, we conclude that the prosecutor attempted only to demonstrate to the jury that the defendant's conduct was furtive when compared to that of the ordinary patron of a supermarket and, as such, that the conduct evinced an intent to conceal the cigarettes from store personnel in order to steal them. There is nothing else in the defendant's other criticisms of the prosecutor's final argument that merits discussion.

*Judgment affirmed.*