DAVID HYDE *against* COMFORT S. HYDE and ALFRED HYDE :   *Windham,*
                                                         July,
                                                         1821.

### IN ERROR.

Hyde
*v.*
Hyde.

On a *qui tam* complaint and warrant, for a battery, accompanied by threatening and terrifying words, demanding 500 dollars damages, returnable to a justice of the peace for enquiry, a duty of thirty-four cents, is payable.

To authorize the issuing of a warrant on such complaint, the oath of the complainant alone is sufficient.

This was a *qui tam* complaint in the following words : " To *John Francis*, Esq. a justice of the peace for the county of *Windham*, comes *David Hyde* of *Canterbury* in said county, and complains, in the name and behalf of the state of *Connecticut*, as well as in his own name, and informs, that at said *Canterbury*, on the 8th day of *July*, 1820, *Comfort S. Hyde* and *Alfred Hyde*, of said *Canterbury*, did, with force and arms, an assault make on the body of the complainant, and did him then and there beat and strike, with a certain large club or stick, upon and across the complainant's arm and body certain heavy and grievous blows, and did then and there accompany the same with the following threatening and terrifying words, to wit, ' Now we will give *David Hyde* a good licking' — ' We will be the death of *David Hyde*'—by means of which threatening and terrifying words, the said *David Hyde* was justly put in fear of bodily harm, and personal danger : all which acts and doings of the said *Comfort S. Hyde* and *Alfred Hyde* are and were against the peace, of evil example, contrary to the laws of this state, in such case provided, and to the complainant's damage the sum of five hundred dollars.   Dated at *Canterbury*, this 8th day of *July*, 1820.

*David Hyde.*"

On this complaint was the following endorsement : " *Windham* county, *July* 8th, 1820.   Personally appeared *David Hyde*, of *Canterbury*, and before me, the subscriber, a justice of the peace for the county of *Windham*, made solemn oath, that the facts stated in the within complaint are true.

*John Francis*, Justice of the Peace."

A warrant was thereupon issued ; on which the defendants were arrested, and brought before a magistrate ; and, after due enquiry, were bound over to the county court.   In that court, the defendants pleaded in abatement of the complaint and process, 1st, That the warrant was issued on the oath of

the complainant, *David Hyde,* only, who alone is interested in the complaint ; 2dly, That no duty was paid, or certified, on the warrant. To this plea there was a demurrer ; and the county court adjudged it sufficient ; and rendered judgment for the defendants to recover their costs, taxed at 11 dollars, 57 cents. To reverse such judgment, a writ of error was brought in the superior court ; where the judgment complained of, was affirmed ; and thereupon the present writ of error was brought.

*Judson,* for the plaintiff in error, contended, 1. That no oath but that of the party was necessary, on the issuing of the warrant. In the first place, it may well be doubted whether *any* oath was necessary ; this being, substantially, *civil* process. Secondly, in *criminal* process, the oath of the party requiring a warrant is sufficient. 4 *Bla. Comm.* 290. Thirdly, no other oath is rendered necessary, by the constitution of this state. The only provision, which can be considered as bearing upon this subject, is in *art.* 1. *sect.* 8. This relates to *search-warrants,* and is not applicable to process in a *qui tam* suit. But, be it applicable to what it may, it is satisfied, by the oath of the party applying for a warrant ; that being sufficient to prove " probable cause," as the ground of issuing a warrant in any case.

2. That the law did not require the payment or certificate of a duty, on the issuing of this warrant. It was not a writ returnable for trial " before the county court," within the meaning of the statute. *Tit.* 54. *p.* 242. ed. 1808.

3. That if the process were abateable for want of a *duty,* the court could not proceed to render judgment against the complainant for costs.

*Cleaveland,* for the defendants in error, was stopped by the court.

HOSMER, Ch. J. The eighth section of the first article of the constitution of this state, is applicable to search-warrants only, and is not relevant to this case ; but if it were, the process issued on the oath of the proper person.

If the writ was " returnable for trial" to the county court, a duty of thirty-four cents was payable upon it ; and that it was thus returnable, is too clear to be disputed, unless it be absurdly said, that it was returnable for trial no where. It

clearly was not " returnable for trial" before a justice.  It cannot be pretended, that a justice had jurisdiction to try an action demanding five hundred dollars damages ; and most obviously his interference was necessary for no other purpose than to forward the process to the county court.  Uniform usage has given a construction to the law ; and if the statute required any duty, of which there is no question, a duty of thirty-four cents is payable.

The other Judges were of the same opinion.

Judgment affirmed.