STATE OF CONNECTICUT *v.* JOSEPH LICARI

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

128

Argued October 7—decided November 9, 1965

*Ira B. Grudberg,* for the appellant (defendant).

*George R. Tiernan,* state's attorney, for the appellee (state).

KING, C. J.  The defendant was convicted of a violation of § 53-298 of the General Statutes under each of two counts of the first part of the information.  He was arrested under a bench warrant issued by a judge of the Superior Court upon an original information filed by the state's attorney.  There is no claim that the procedure followed was not the usual Connecticut procedure and in strict conformity with § 54-43 of the General Statutes, governing the issuance of bench warrants.

Rather, it is the defendant's claim that the statutory procedure is itself in violation of the fourth amendment to the constitution of the United States, which provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

This claim attacks the court's jurisdiction of the defendant's person[1] and, if sound, would require a judgment dismissing the case against him.  It is a claim which should have been raised prior to the entry of a plea of guilty or not guilty.  *State* v. *Wolcott,* 21 Conn. 272, 280.  The judgment file recites the entry of a not guilty plea on March 3, 1964.  A motion to dismiss on the ground of the invalidity

---

[1] There is, of course, and could be, no question as to the jurisdiction of the court over the subject matter.  General Statutes §§ 54-17, 54-42.

of the arrest under the bench warrant was filed on March 5, 1964, but was not denied until April 14, 1964. Under modern criminal procedure, the failure to raise a claim of lack of jurisdiction of the person until after the entry of a plea of guilty or not guilty is strong evidence of a consent to the jurisdiction of the person or, to use the language of *Church* v. *Pearne,* 75 Conn. 350, 355, 53 A. 955, of a "voluntary submission" to the jurisdiction of the court over the person. An analogous rule applies in civil cases. *Beardsley* v. *Beardsley,* 144 Conn. 725, 730, 137 A.2d 752. Under § 468 of the Practice Book the procedure in civil cases is made applicable, insofar as adaptable, to criminal cases. Pleadings in civil cases are to be filed as set forth in §§ 74 and 75 of the Practice Book. From this it follows that any preliminary motion in a criminal case should be filed prior to a plea of guilty or not guilty, unless the grounds for the motion are not then known to, or reasonably ascertainable by, the accused. A specific application of this general rule in criminal cases is embodied in § 495 of the Practice Book.

The burden of claiming and proving, however, that consent rendered lawful an otherwise illegal seizure of person or property is on the state. *State* v. *Hanna,* 150 Conn. 457, 470, 191 A.2d 124; *State* v. *Collins,* 150 Conn. 488, 494, 191 A.2d 253. Here, the state has made no claim of consent or voluntary submission to the jurisdiction of the court. The motion to dismiss was filed more than a month before the actual commencement of the trial. Thus, we do not have a case where a defendant, with actual or constructive knowledge of a claimed defect in the court's jurisdiction of his person, remains silent until after commencement of a trial on the

merits. See cases such as *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480. Under all the circumstances, we cannot, as matter of law, on this record find consent to the arrest or a voluntary submission to the in personam jurisdiction of the Superior Court.

This brings us to the crux of the motion to dismiss. It is based on the claim that the federal constitution invalidates an arrest made under authority of a bench warrant where, as in this case, the warrant is issued without any facts, supported by oath or affirmation, from which the court or judge issuing the warrant can make an independent determination of probable cause. It should be noted that the state makes no claim that the defendant's arrest could be justified as a valid arrest without warrant under our law as set forth in cases such as *Martyn* v. *Donlin,* 151 Conn. 402, 409, 198 A.2d 700; *State* v. *Traub,* 150 Conn. 169, 173, 187 A.2d 230; and *State* v. *DelVecchio,* 149 Conn. 567, 573, 182 A.2d 402. Nor does the state claim that any facts were submitted in support of the application for the issuance of the bench warrant other than those set forth in the information. Thus, the first question is reduced to that of the validity, under federal constitutional requirements, of an arrest made pursuant to the authority of a bench warrant issued as was this one.[2] If the lack of oath or affirmation is a fatal constitutional invalidity, it is unnecessary

---

[2] The constitutional requirements now under discussion of course do not affect the validity of the information prepared in accordance with §§ 54-42, 54-44 and 54-46 of the General Statutes. It is only when, as here, the information is used as the application for the issuance of a bench warrant calling for the arrest of the accused that the information becomes subject to those fourth amendment requirements. See cases such as *United States* v. *Hughes,* 311 F.2d 845, 846 (3d Cir.).

to consider the adequacy, as a statement of probable cause, of the facts recited in the application for the bench warrant, insofar as there was any application under the procedure followed in this case.

Through the fourteenth amendment the fundamental federal constitutional safeguards as to the issuance of warrants embodied in the fourth amendment, as interpreted and applied in decisions of the United States Supreme Court, are made obligatory upon the states. *Ker* v. *California,* 374 U.S. 23, 33, 83 S. Ct. 1623, 10 L. Ed. 2d 726.

It is now established law that the fourth amendment applies to arrest warrants as well as to search warrants. *Giordenello* v. *United States,* 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503; *Aguilar* v. *Texas,* 378 U.S. 108, 112 n.3, 84 S. Ct. 1509, 12 L. Ed. 2d 723; *Beck* v. *Ohio,* 379 U.S. 89, 96 n.6, 85 S. Ct. 223, 13 L. Ed. 2d 142. Indeed, it is obvious that the amendment's reference to "persons . . . to be seized" is inapt to refer to anything other than a seizure of the person, which certainly is inclusive of an arrest. And on principle there would be no reason for throwing stringent constitutional safeguards around the seizure of property, while providing no similar safeguards around the seizure, i.e., arrest, of persons.

The provision of the fourth amendment that "no warrants shall issue, but upon probable cause, supported by oath or affirmation" clearly requires, inter alia, that a state's attorney applying for a bench warrant submit facts, supported by oath or affirmation, from which the judge or court can make an independent determination that probable cause exists for the issuance of the bench warrant under General Statutes § 54-43. See cases such as *Ker* v. *California,* supra; *Albrecht* v. *United States,* 273

U.S. 1, 47 S. Ct. 250, 71 L. Ed. 505; *State* v. *DeNegris,* 153 Conn. 5, 8, 212 A.2d 894.

*Hurtado* v. *California,* 110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232, relied upon by the state, was decided long before the United States Supreme Court held, in *Ker* v. *California,* supra, that the federal fourth amendment requirements as to the issuance of warrants are applicable to the states. *Hurtado* can no longer furnish support for the legality of this defendant's arrest.

While, as emphasized in *Ker* v. *California,* supra, 34, the states have latitude in developing workable procedures governing arrests, searches and seizures, these procedures must conform to fourth amendment requirements. This is true, of course, of proceedings under our bench warrant statute. § 54-43. The bench warrant was issued for the arrest of the defendant upon an information unsupported by oath or affirmation. The warrant failed to conform to federal constitutional requirements as now established for all courts by the United States Supreme Court. Necessarily, it was fatally defective. It follows that the court was in error in failing to grant the motion of the defendant to dismiss the proceedings against him. Whether the same disposition would now be required by article first, § 8, of the Connecticut constitution need not be determined. Compare *Hyde* v. *Hyde,* 4 Conn. 117, 118, *Lowrey* v. *Gridley,* 30 Conn. 450, 456, and *Church* v. *Pearne,* 75 Conn. 350, 354, 53 A. 955.

In view of this conclusion, we do not discuss the other claims of error, including the claim that the bench warrant was invalid because of the failure of the state's attorney, in the information or elsewhere, adequately to submit facts from which the judge, before issuing the bench warrant, could

make an independent finding of the existence of probable cause under the rule set forth in cases such as *Jaben* v. *United States,* 381 U.S. 214, 223, 85 S. Ct. 1365, 14 L. Ed. 2d 345; *United States* v. *Ventresca,* 380 U.S. 102, 108, 85 S. Ct. 741, 13 L. Ed. 2d 684; *Nathanson* v. *United States,* 290 U.S. 41, 54 S. Ct. 11, 78 L. Ed. 159; *State* v. *DeNegris,* 153 Conn. 5, 8, 212 A.2d 894. See also *State* v. *Wilson,* 153 Conn. 39, 42, 212 A.2d 75; *State* v. *Spellman,* 153 Conn. 65, 70, 212 A.2d 413.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the information against the defendant for lack of jurisdiction of his person.

In this opinion the other judges concurred.