STATE OF CONNECTICUT *v*. GEORGE SMITH

SUPERIOR COURT       NEW HAVEN COUNTY       FILE NO. 14708
AT NEW HAVEN

430

Memorandum filed April 15, 1968

*George R. Tiernan,* state's attorney, for the state.

*W. Paul Flynn,* of New Haven, for the defendant.

*Belford & Belford,* of New Haven, for the codefendant Jarvis.

*Earl I. Williams,* of New Haven, for the codefendants Jones and Moore.

PARSKEY, J.  Defendant George Smith was arrested under a warrant issued by the Circuit Court charging him with injury or risk of injury to a minor child in violation of § 53-21 of the General Statutes.  Subsequently, after a hearing, the Circuit Court found probable cause and bound the defendant over to the Superior Court.  Thereafter, the state's attorney filed an original information in the Superior Court charging the defendant with aggravated assault in violation of § 53-16 of the General Statutes.  The defendant, appearing specially, has filed a motion to dismiss the information on the ground of a lack of jurisdiction of the

person and of the subject matter. Concerning jurisdiction of the person, it is the defendant's contention that no evidence has been adduced, upon oath or affirmation, of probable cause that the defendant committed the offense with which he is charged. With respect to the claim of lack of jurisdiction of the subject matter, the defendant asserts that the information filed by the state's attorney is defective because it was not under oath.

The Circuit Court warrant was issued on the basis of affidavits submitted by Marie Dunn, a teacher at the American School for the Deaf; by Robert Perry, the father of Ramona Perry, the alleged victim; and by Arthur Tuttle, a member of the New Haven police department. Marie Dunn related an interview with Ramona Perry, age eight, a student at the American School for the Deaf, who gave her an account of a knife assault committed upon her by four youths. Robert Perry stated that on the date of the alleged assault he examined his daughter and noted irritation on her body in the area where she was allegedly slashed; that he then took her to confront the codefendant Michael Jones, whom she identified as the one who cut her; that later, as she was being driven around New Haven in the company of her father and two police officers, she pointed out the other three assailants; and that the police had their names. Arthur Tuttle in his affidavit identified the other three assailants as the codefendants Ronald Moore, Wayne Jarvis and George Smith; he also reported that a Dr. Anastasi, who examined Ramona, found abrasions in the area of the alleged attack.

The offense with which the defendant Smith was charged in the Circuit Court—injury or risk of injury to a minor child (General Statutes § 53-21)—calls for a fine of not more than $500 or imprisonment of not more than ten years or both; it is an

offense cognizable in the Superior Court. Under § 54-1a of the General Statutes, where a complaint is made for an offense punishable by imprisonment for more than five years the Circuit Court is required to hold a hearing in probable cause and, if it finds probable cause, to bind the accused over to a court having jurisdiction. *State* v. *Stallings,* 154 Conn. 272, 277. The hearing in probable cause amounts only to an inquest; the finding of probable cause is not final. If the court does not find probable cause and therefore discharges the defendant, "[such] discharge is not an acquittal. Upon the discovery of new evidence, the accused may be again presented before the same court for another inquiry, or may be brought directly before the Superior Court upon an original information to answer to the same charge. The discharge upon the former hearing cannot be pleaded in bar of such subsequent prosecution." *State* v. *Fox,* 83 Conn. 286, 295.

The arrest under the Circuit Court warrant, if legal, brings the accused within the custody of the Circuit Court and gives that court jurisdiction of his person. Where the gravity of the offense is such that the Circuit Court does not have jurisdiction of the subject matter, the binding over of the accused by the Circuit Court is the process of the law by which the accused is held until such time as the Superior Court takes cognizance of the charge against him. *State* v. *Chin Lung,* 106 Conn. 701, 720. The binding over transfers the custody and therefore jurisdiction of the person from the Circuit Court to the Superior Court. Once the accused is legally in the custody of the Superior Court, the state's attorney may file against him an information for any offense proper to be tried by this court. *State* v. *Keena,* 64 Conn. 212, 214. When the defendant is in the custody of the court, there is no need of process to bring him before the court and he may

be arraigned without the issue of such process. In essence, a probable cause hearing is an inquiry into the defendant's temporary custody. In such an inquiry, the Circuit Court may either discharge the accused from its custody or may transfer the custody to the Superior Court. Once the transfer has occurred by virtue of the bind-over, the Superior Court acquires jurisdiction of the person unless the original arrest was illegal.

When a motion to dismiss an information is filed in the Superior Court, the inquiry is limited to a consideration of three questions: (1) Was the arrest in compliance with the fourth amendment to the federal constitution and other applicable law? (2) In the case of a bind-over, did the Circuit Court make a finding of probable cause? (3) Is the offense charged in the information cognizable by the Superior Court? If the answer to each of these questions is Yes, the motion to dismiss must be denied. In answering these questions, the court's inquiry is limited to the record. Thus, in the case of the constitutional inquiry, the court examines the affidavits to determine whether the constitutional requirements have been satisfied. With respect to the bind-over, the court examines the file to ascertain whether the Circuit Court has, in fact, found probable cause. Since the issue is whether the custody of the defendant has been transferred from the Circuit Court to the Superior Court, neither the conduct of the hearing in probable cause nor the evidence adduced at that hearing is a relevant consideration in the determination of the issue.

With the foregoing considerations in mind and after an examination of the file in this case, the court is satisfied that the affidavits filed with the Circuit Court were constitutionally sufficient to authorize the defendant Smith's arrest, that the Circuit Court found probable cause and bound the

accused over to the Superior Court, and that the present information charging this accused with aggravated assault is cognizable by the Superior Court.

There remains for consideration the defendant's attack on the information for lack of an oath. To begin with, the filing of an original information by the state's attorney is not governed by the constitutional requirements applicable to the issuance of a bench warrant. *State* v. *Licari,* 153 Conn. 127, 131 n. His power to file an information derives from the common law. *State* v. *Keena,* supra, 215. The filing of such an information is done pursuant to his oath of office. No other oath is required. 27 Am. Jur., Indictments and Informations, § 47.

Motion to dismiss the information is denied.