### State of Connecticut *v.* Anonymous (1971–11)*

#### Superior Court

MacDonald, J. The defendant was arrested without a warrant and charged in the Circuit Court with incest, in violation of General Statutes § 53-223. About two months later, the defendant was arrested

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90. For a previously published memorandum in this case, see *State* v. *Anonymous* (1971–1), 29 Conn. Sup. 94.

on a bench warrant issued by a judge of the Superior Court and charged with incest, in violation of § 53-223; risk of injury to a minor child, in violation of § 53-21; and rape, in violation of § 53-238. The defendant filed a motion to dismiss, challenging the in personam jurisdiction of the Superior Court based upon an allegedly unlawful Circuit Court arrest.

The power of a state's attorney to apply for a bench warrant and the power of a judge of the Superior Court to issue such a warrant are expressly authorized by Public Acts 1969, No. 803, § 1 (General Statutes § 54-43), which states in part: "Upon the representation of any state's attorney that he has reasonable ground to believe that a crime has been committed within his jurisdiction, the superior court or, when said court is not in session, any judge thereof, may issue a bench warrant for the arrest of the person or persons complained against . . . ."

It has been repeatedly held by our Supreme Court that the procedure authorized by this statute is constitutional. *State* v. *Purvis,* 157 Conn. 198, 205-6 (1968); *State* v. *Stallings,* 154 Conn. 272, 278–79 (1966); *State* v. *Hayes,* 127 Conn. 543, 580–81 (1941); *State* v. *Luban,* 28 Conn. Sup. 312, 317 (1969); *State* v. *Mazzadra,* 28 Conn. Sup. 252, 263 (1969); see *United States ex rel. Cooper* v. *Reincke,* 333 F.2d 608, 611–12 (2d Cir. 1964). It is also well settled that the service of a bench warrant supersedes any preexistent jurisdiction the Circuit Court may have acquired and results in the Superior Court's acquiring jurisdiction of the defendant. *State* v. *Purvis,* supra, 206.

A motion to dismiss on the ground of the invalidity of an arrest under a bench warrant challenges the jurisdiction of the Superior Court over the per-

son of an accused and is limited to the sole issue of "whether the judge who issued the warrant had, in the affidavit presented to him, a sufficient basis for finding that probable cause existed for issuing the warrant after considering the facts alleged." *State* v. *Saidel,* 156 Conn. 96, 99 (1970); *State* v. *Licari,* 153 Conn. 127, 132–34 (1965).

Whether or not the defendant had been previously arrested and presented in the Circuit Court is irrelevant under the *Saidel* and *Licari* cases. As stated by this court, "[t]he action of the state's attorney had no legal relationship to or dependency on the prior arrest or proceedings in the Circuit Court." *State* v. *Luban,* 28 Conn. Sup. 312, 316 (1969). And. even if the defendant's original arrest in the Circuit Court was unlawful, this would not affect the validity of his arrest pursuant to the bench warrant issued by the Superior Court. As stated in the *Luban* case, supra, 317, "[t]he arrests initiated a new and independent proceeding in the Superior Court which was in no way dependent for its legality on the prior arrests or proceedings in the Circuit Court. The service of the bench warrant marked the termination of the jurisdiction of the Circuit Court and the commencement of a new and separate jurisdiction of the Superior Court, acquired pursuant to a separate and unrelated statute. The Superior Court acquired exactly the same jurisdiction as it would have acquired by arrests pursuant to a bench warrant if there had been no prior arrests or proceedings in the Circuit Court."

The rule in Connecticut that the claim of an unlawful Circuit Court arrest does not invalidate the jurisdiction of the Superior Court over the person of the defendant, if the defendant is arrested pursuant to a valid bench warrant, is in accord with the rule in effect in other jurisdictions, as is well illustrated by the authorities collected in the following federal

decisions: *United States ex rel. Orsini* v. *Reincke,*
286 F. Sup. 974, 977 (D. Conn.), aff'd, 397 F.2d 977
(1968), cert. denied, 393 U.S. 1050 (1969); *Sewell* v.
*United States,* 406 F.2d 1289 (8th Cir. 1969); *Brown*
v. *Fogel,* 387 F.2d 692, 696 (4th Cir. 1967); *Keegan*
v. *United States,* 385 F.2d 260, 264 (9th Cir. 1967),
cert. denied, 391 U.S. 967 (1968); *Bistram* v. *United
States,* 253 F.2d 610, 612–13 (8th Cir. 1958); *People*
v. *Carrero,* 139 F. Sup. 275–78 (D. V.I. 1955); *Com-
monwealth* v. *Gorman,* 288 Mass. 294, 300 (1934).

Since the defendant's motion is based solely upon
the claim of an illegal Circuit Court arrest, it is not
properly before the court and is dismissed rather
than denied, so that the subpoenas issued by the
defendant are quashed in accordance with the state's
motion to quash.