**Arvil LESLIE and Thomas Carmon, on behalf of themselves and all others similarly situated, Appellants,**

**v.**

**Honorable Yale MATZKIN, Judge of the Circuit Court, individually and as Representative of the Circuit Court Judges of Connecticut, Defendant-Appellee.**

No. 12, Docket 71–1254.

United States Court of Appeals, Second Circuit.

Argued Sept. 17, 1971.

Decided Nov. 1, 1971.

Kenneth R. Kreiling, New Haven, Conn. (David M. Lesser, William H. Clendenen, Jr., John R. Williams, New Haven, Conn., on the brief), for appellants.

Daniel R. Schaefer, Asst. Atty. Gen. (Robert K. Killian, Atty. Gen. of Conn., on the brief), for defendant-appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Connecticut, dismissing appellants' complaint for injunctive and declaratory relief under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (1970). Appellants claim that Connecticut violated their constitutional rights by refusing, although they claimed indigency, to provide them with free transcripts of their probable cause hearings in order to assist them in the preparation and conduct of their defenses at trial. We affirm the judgment of the District Court.

Arvil Leslie was arrested in Connecticut for robbery with violence, and after a hearing on probable cause [1] he was bound over on July 16, 1970. There is a suggestion in the record that on that very date he filed a motion for a free copy of the transcript of that hearing, and that it was denied. In any case, such a motion was made and denied on January 7, 1971, and Leslie was convicted on January 15, 1971. He filed the complaint in this action, on behalf of himself and all others similarly situated, on July 29, 1970, and Judge Zampano granted the State's motion to dismiss on January 26, 1971.

Thomas Carmon, a minor, was charged with resisting and assaulting a police officer. He pleaded not guilty, and after a probable cause hearing he was bound over on August 12, 1970. That same day he made a motion for a free transcript of that hearing. The motion was denied. On September 17, 1970, Carmon's mother filed on his behalf a complaint similar to Leslie's and a motion to intervene in Leslie's action. The motion to intervene was granted on October 5, 1970. Carmon's state trial is still pending, and he is presently free on $1,000 bond.

The applicable Connecticut statutes seem to provide for free transcripts of proceedings to be supplied to indigents only in the case of appeals, Conn.Gen. Stat.Ann. § 54–151 (Supp.1971). However it appears that when an indigent is represented by the Public Defender or by a Special Public Defender appointed by a judge of the Superior Court, the cost of transcripts of pretrial procedures may be paid by the state as a part of the costs of the defense. Conn.Gen. Stat.Ann. § 54–81 (Supp.1971); Conn. Practice Book of 1963 § 472D (Cum. Supp.1970).

Thus it seems possible that an indigent defendant can secure a transcript of a probable cause hearing without cost either by having his own counsel appointed a special public defender, or by having a regular public defender appointed solely for the purpose of procuring a free transcript. See Nash v. Reincke, 325 F.2d 310, 311 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S. Ct. 1345, 12 L.Ed.2d 302 (1964).

---

1. Conn.Gen.Stat.Ann. § 54–76a (Supp. 1971) provides:

"In a hearing in probable cause the rules of evidence shall apply as if such hearing were a jury trial. The defendant shall be called upon to plead in such hearing and if he waives examination, the judge shall forthwith hold him to answer in the appropriate court. If the defendant does not waive examination, the judge shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the judge that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall forthwith hold him to answer in the appropriate court; otherwise the judge shall discharge him. After concluding the proceeding the clerk of the court shall transmit forthwith to the clerk of the appropriate court all papers in the proceeding, any bail taken by him, and a transcript of the proceedings."

See United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181 (1964).

■ Indigent defendants are entitled to free copies of transcripts only when they are *needed* to vindicate legal rights. See United States ex rel. Cadogan v. LaVallee, 428 F.2d 165, 167 (2d Cir. 1970), cert. denied, 401 U.S. 914, 91 S. Ct. 887, 27 L.Ed.2d 813 (1971) (transcript of pre-trial suppression hearing not such an instrument); United States v. Carella, 411 F.2d 729 (2d Cir.), cert. denied sub nom. Erhart v. United States, 396 U.S. 860, 90 S.Ct. 131, 24 L. Ed.2d 112 (1969). We cannot say, on the record before us, that Leslie was prejudiced or that Carmon would be prejudiced in their defense by not having the transcript of the preliminary proceeding. It is, of course, even less possible for us to hold in this class action that all indigents would be prejudiced by not being provided free transcripts.

■ However we need not decide the issue[2] since the present case clearly calls for deference to the state's procedures for the vindication of constitutional claims. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); McLucas v. Palmer, 427 F.2d 239, 241 (2d Cir.), cert. denied, 399 U.S. 937, 90 S.Ct. 2271, 26 L.Ed.2d 808 (1970). We are not here presented with anything similar to the situation with which the Supreme Court dealt in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). See Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Appellants argue that their case requires federal intervention because Connecticut does not permit an interlocutory appeal from the denial of a transcript. However there is no impediment to their raising their constitutional claims on appeal from their convictions and by re-

sort to the Supreme Court of the United States on writ of certiorari. There are clearly no "special circumstances" in the present case that would justify the granting of the relief sought.

Affirmed.

---

2. Likewise we do not reach the question of whether 28 U.S.C. § 2283 (1970), the anti-injunction statute, would bar injunctive relief here. In Turner v. LaBelle, 251 F.Supp. 443 (D.Conn.1966) a statutory three-judge court held § 2283 inapplicable on the ground that during the

period between bindover and the commencement of trial there were no "proceedings" pending in the state court. Later decisions of lower state courts have cast some doubt on that holding. See, *e. g.*, State v. Smith, 27 Conn.Sup. 429, 241 A.2d 870 (1968).