STATE OF CONNECTICUT v. ANONYMOUS (1973–8)[*]

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

SPONZO, J. The application for a warrant for the defendant's arrest charged that the defendant committed the crime of aggravated assault in violation

[*] Thus entitled, in view of General Statutes § 54-90.

of § 53-16 of the General Statutes. A city police department detective filed the sole affidavit supporting the application. A Circuit Court judge found that probable cause existed for the arrest of the defendant and ordered a warrant for his arrest. The defendant filed a motion to dismiss on the ground that his arrest was based on facts insufficient to establish probable cause and that the arrest was made without a showing of probable cause as required by the fourth and fourteenth amendments to the constitution of the United States and article first, §§ 7, 8 and 9, of the Connecticut constitution. This motion was denied. Subsequently, the defendant again filed a motion to dismiss, alleging the same reasons and, in addition, that the arrest warrant was stale at the time of execution. This motion was also denied.

The affidavit of the police officer disclosed that the complainant made a sworn statement to the police naming the defendant as the party who assaulted him. The affidavit of the police officer contains no other facts, nor does it contain any statement relative to the reliability of the informant or the source from whom the informant discovered the identity of the person who assaulted him.

The fourth amendment to the United States constitution provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." "In testing the validity of the warrant, the reviewing court can only consider information brought to the magistrate's attention. . . . Since the only information before the issuing authority was the affidavit of the police officer, the decisive question is whether the facts recited in it were sufficient to support a finding of probable cause." *State* v. *Jackson*, 162 Conn. 440, 443.

The principles by which we test the adequacy of an affidavit have been designed to ensure that a dis-

interested judicial officer shall make his own common-sense judgment that a suspect probably has, or probably has not, been involved in the commission of a crime. *Spinelli* v. *United States,* 393 U.S. 410, 415.

In the instant case, the police officer, in support of the application for an arrest warrant, submitted an affidavit which relied solely on the sworn statement of the complainant. A judicial officer may treat this information from the complainant on the same plane as information from the police officer, so long as there is a substantial basis for crediting it. *Aguilar* v. *Texas,* 378 U.S. 108, 114, and *Jones* v. *United States,* 362 U.S. 257, 269, have restated this requirement in two parts: The issuing officer must be informed of (1) some of the underlying circumstances relied on by the person providing the information to the affiant, and (2) some of the underlying circumstances from which the affiant concluded (a) that the informant, whose identity need not even be disclosed, was credible, or (b) that his information was reliable.

The affidavit of the police officer is absolutely devoid of any reference to the credibility and reliability of the informant, i.e. the complainant, or of his information as to the identity of the attacker. No corroborating information is contained in the affidavit which could be recognized as supporting the magistrate's inference of reliability. *Jones* v. *United States,* supra; *State* v. *Jackson,* supra, 448. While hearsay may be a basis for the issuance of an arrest warrant, in this case we have hearsay evidence upon hearsay evidence.

It is clear that the action of the magistrate in issuing the arrest warrant is to be tested in the light of the affidavit presented to him. In this case, the trial clearly revealed that the complainant did not see who assaulted him but obtained this informa-

tion at a later time. Reference is made to this fact solely to clarify the contents of the sworn statement given by the complainant to the police.

Since the affidavit presented to the issuing authority did not meet the test or rule set forth in cases such as *Aguilar* v. *Texas,* supra, *Jones* v. *United States,* supra, and *State* v. *Jackson,* supra, the court should have granted the defendant's motion to dismiss the information for lack of jurisdiction of the defendant's person. *State* v. *Licari,* 153 Conn. 127.

In view of this conclusion, we need not discuss the other claims of error, including the claim that the arrest warrant was invalid because of staleness in its execution.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the information against the defendant for lack of jurisdiction of his person.

In this opinion HAMILL and CIANO, Js., concurred.