WILLIAM GREGA v. WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 6—decision released June 26, 1979

*Charles D. Gill,* public defender, for the appellant (plaintiff).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (defendant).

COTTER, C. J. The plaintiff, William Grega, was indicted by a grand jury and charged with the murder of Kenneth Hill. Following a plea of not guilty and trial to a jury of twelve, he was convicted of manslaughter in the first degree. On July 27, 1977, the Superior Court dismissed Grega's amended petition for a writ of habeas corpus seeking his release from confinement, and, upon certification pursuant to General Statutes § 52-470, the plaintiff appealed to this court.[1]

The plaintiff was arrested pursuant to General Statutes § 54-43 then in effect,[2] by virtue of a bench warrant issued by a judge of the Superior Court upon application of the state's attorney that there was probable cause to believe that William Grega shot and killed Kenneth Hill. An affidavit consisting of three legal size pages signed by the county detective for Fairfield County, subscribed and sworn to before a notary public, was attached to the application for the bench warrant. The affidavit set forth in elaborate detail all the events and circumstances leading up to the charge of murder which implicated the accused. On the basis of the foregoing, the judge found that probable cause existed for the issuance

---

[1] Although Grega is the sole appellant in this appeal, the record indicates that the petitioners in a number of other cases which present the same questions of law raised herein have, by stipulation, agreed to the rendition of judgment in their cases consistent with our disposition of the present appeal.

[2] In legislation dealing with the reorganization of our courts, General Statutes § 54-43 was repealed effective July 1, 1978. Public Acts 1977, No. 77-576, § 39.

of the bench warrant. The plaintiff does not contest the fact that probable cause existed in the case; rather, the plaintiff questions the constitutional validity of General Statutes § 54-43.

The plaintiff's primary claim in this appeal is that General Statutes § 54-43, which authorized the issuance of bench warrants, was unconstitutional on its face, thereby failing to confer jurisdiction on the trial court over his person. That contention is based upon the fact that the language of § 54-43 provided for the issuance of a bench warrant "[u]pon the representation of any state's attorney that he has reasonable grounds to believe that a crime has been committed . . . ." The plaintiff argues that the statute must explicitly provide for the issuance of such warrant "upon probable cause, supported by oath or affirmation." Consequently, the plaintiff claims that, since the statute under which he was arrested was constitutionally infirm, the trial court failed to obtain jurisdiction over his person, thus rendering his present detention illegal and requiring his immediate release. We disagree.

The plaintiff does not seriously dispute that the "reasonable grounds" standard as used in the bench warrant statute and the "probable cause" requirement of the fourth amendment to the United States constitution are "substantial equivalents of the same meaning." *Draper* v. *United States,* 358 U.S. 307, 310n, 79 S. Ct. 329, 3 L. Ed. 2d 327. Rather, he contends that the statute is constitutionally deficient in that it fails to particularize expressly the method or procedure of submitting facts, supported by oath or affirmation, from which an independent determination of probable cause can be made. Reference to our decision in *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900, is dispositive of the plaintiff's claim.

The state's attorney in this case specifically followed *Licari* where we held (p. 132) that the fourth amendment requires "a state's attorney applying for a bench warrant [to] submit facts, supported by oath or affirmation, from which the judge or court can make an independent determination that probable cause exists for the issuance of the bench warrant under General Statutes § 54-43. See cases such as *Ker* v. *California,* . . . [374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726]; *Albrecht* v. *United States,* 273 U.S. 1, 47 S. Ct. 250, 71 L. Ed. 505." Simply stated, procedures governing arrest must conform to fourth amendment requirements. *State* v. *Licari,* supra, 133.

In *Licari,* we did not conclude that the above principles rendered § 54-43 unconstitutional; and in the present case, we explicitly reject such a claim. It is a fundamental rule that, if its language permits, a statute will be construed so as to render it constitutionally valid. *Kellems* v. *Brown,* 163 Conn. 478, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678; *Bahre* v. *Hogbloom,* 162 Conn. 549, 295 A.2d 547; *Armstrong Paint & Varnish Works* v. *Nu-Enamel Corporation,* 305 U.S. 315, 333, 59 S. Ct. 191, 83 L. Ed. 195, rehearing denied, 305 U.S. 675, 59 S. Ct. 356, 83 L. Ed. 437. Thus, a court is justified in holding that a statute was intended to be subject to constitutional requirements, and that those requirements are to be considered as embodied in the statute, if its terms do not exclude such requirements. *People* v. *Amor,* 12 Cal. 3d 20, 29–30, 523 P.2d 1173; *Board of Education* v. *Kennedy,* 256 Ala. 478, 482, 55 So. 2d 511; 2A Sutherland, Statutory Construction (4th Ed.) § 45.12; 16 Am. Jur. 2d, Constitutional Law § 149.

The *Licari* case "amounted merely to a recognition and acceptance, and, indeed, an application by Connecticut of settled law as laid down by the Supreme Court of the United States in cases such as *Giordenello* v. *United States,* 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503." *State* v. *Orsini,* 155 Conn. 367, 378, 232 A.2d 907. The "representation" which must be made by a state's attorney under § 54-43 was, in *Licari,* properly characterized in view of the requirements of the fourth amendment and was not, as the plaintiff appears to argue, rendered invalid in the abstract. Indeed, in the present case, the plaintiff does not deny that the procedures mandated by *Licari* were, in fact, scrupulously followed. The state's attorney, in proceeding as he did, acted "consistently with the essential demands of due process." *Crowell* v. *Benson,* 285 U.S. 22, 57, 52 S. Ct. 285, 76 L. Ed. 598.

Consequently, we conclude that the plaintiff's conviction is not invalid due to the trial court's claimed lack of jurisdiction over his person.[3]

There is no error.

In this opinion the other judges concurred.

---

[3] In view of our disposition of this case, it is unnecessary to address the plaintiff's claim that he was denied effective assistance of counsel. That claim has been phrased in the following terms: "If the merit of the plaintiff's claim [of lack of jurisdiction] was obvious at the time of plea, was plaintiff's counsel acting competently when he neglected to raise it?" Since we conclude that the plaintiff's underlying jurisdictional claim is without merit and we do not rest that determination upon a waiver theory, the plaintiff's sixth amendment claim, as framed, is inapplicable.