STATE OF CONNECTICUT *v.* THOMAS D. HANSEN
(4109)
(4123)

HULL, BORDEN and BIELUCH, Js.

Argued April 4—decision released June 24, 1986

*Carl Schuman,* assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Cara Eschuk,* law student intern, for the appellant (state).

*Averum J. Sprecher,* for the appellee (defendant).

BORDEN, J. The state appeals, with the permission of the trial court, from the judgments of that court dismissing with prejudice the two informations against the defendant. The decisive issue is whether, in the light of the recent case of *State* v. *Fleming,* 198 Conn. 255, 502 A.2d 886 (1986), a trial court may dismiss an information on the ground that the affidavit supporting the arrest warrant did not establish probable cause. We hold that a trial court may not, and we find error.

The defendant, who was on probation, was arrested pursuant to a warrant, supported by affidavit, and charged with sexual assault in the fourth degree and risk of injury to a child. Shortly thereafter, he was arrested and charged with violation of probation. That arrest was also pursuant to a warrant supported by an affidavit which restated in shorter form essentially the allegations recited in the first affidavit. The defendant moved to dismiss both informations on the ground that the underlying affidavits did not establish probable cause. On April 1, 1985, the trial court concluded that the affidavits did not establish probable cause in either case and dismissed both informations, with prejudice, pursuant to Practice Book § 815 (9). These combined appeals followed.

The state argues that *State* v. *Fleming*, supra, which was decided on January 7, 1986, subsequent to the decision of the trial court in this case, mandates reversal. In *Fleming*, the court overruled *State* v. *Licari*, 153 Conn. 127, 214 A.2d 900 (1965) (insufficient arrest warrant affidavit deprives court of personal jurisdiction over the defendant), and held that "an illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution . . . ." *State* v. *Fleming*, supra, 262–63. Thus, *Fleming* established that the insufficiency of an arrest warrant affidavit to establish probable cause cannot serve as the basis for a motion to dismiss an information. It is clear that *Fleming* controls this case.

The defendant argues that the state should not be permitted to rely on *Fleming* in this appeal because the state did not question the validity of *Licari* in the trial court. We disagree.

We have recognized that the rule requiring claims on appeal to have first been made at trial "applies to the state as well as to the defendant." *State* v. *Martin*, 2 Conn. App. 605, 612, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985). In this case, however, the reasons for that rule do not suggest that it be applied to bar consideration of *Fleming*, and sound appellate discretion counsels otherwise.

"The policies behind the requirement that claims be made at trial in order to be reviewed on appeal"; *State* v. *Cosby*, 6 Conn. App. 164, 173, 504 A.2d 1071 (1986); are principally to permit the trial court to correct any errors before it is too late, and thus to conserve judicial resources and to avoid the spectacle of the trial court proceedings becoming "a Kafkaesque academic test which [the trial judge] may be determined on appeal to have failed because of questions never asked of him

or issues never clearly presented to him." Id., 174. Although prior to *Fleming* our Supreme Court had hinted that the continued vitality of *Licari* was suspect; see, e.g., *State* v. *Heinz,* 193 Conn. 612, 629, 480 A.2d 452 (1984); *State* v. *Gallagher,* 191 Conn. 433, 438–39, 465 A.2d 323 (1983); when the trial court rendered its decision in this case, *Licari* was still the law and the trial court was obligated to apply it. Thus, there is no reason to believe that, had the state argued the inapplicability of *Licari* in the trial court, the decision of the trial court would have been any different.

Furthermore, while this appeal was pending, *Fleming* was decided, unequivocally stripping the trial court's ruling of its theoretical underpinnings. To permit the trial court's ruling to stand and thus to end these prosecutions on a basis which is no longer the law would be to deny "recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *Arizona* v. *Washington,* 434 U.S. 497, 509, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978); *Ohio* v. *Johnson,* 467 U.S. 493, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984).

The defendant also argues that the trial court's ruling was based on Practice Book § 815 (9) and that *Fleming* did not eliminate that Practice Book provision. Practice Book § 815 (9) provides for dismissal of an information because of "[d]efenses or objections based on the insufficiency of the affidavit relied upon for the issuance of the arrest warrant. . . . " The defendant argues in effect that Practice Book § 815 (9) provides a sufficient independent basis for the trial court's action without regard to *Fleming.* We disagree. Practice Book § 815 (9) was specifically based on the now abandoned rule of *Licari.* See Orland, Connecticut Criminal Practice § 815.2. Thus, the reason for the rule no longer exists. See *Southland Corporation* v. *Vernon,* 1 Conn.

App. 439, 446 n.6, 473 A.2d 318 (1984). To accept the defendant's argument would be to render *Fleming* a nullity.

There is error in each case, the judgments dismissing the informations are set aside and the cases are remanded for further proceedings according to law.

In this opinion the other judges concurred.