STATE OF CONNECTICUT *v.* WILLIAM D. PAYTON
(4230)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 3—decision released July 29, 1986

*Joseph R. Carvalko,* with whom, on the brief, were *J. Timothy Deakin,* and *Joseph R. Carvalko, Jr.,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *Robert Brunetti,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment rendered after he was convicted by a jury of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70.

The jury could reasonably have found the following facts. On July 2, 1984, the defendant, William D. Payton, was arrested and charged with three counts of sexual assault in the first degree. After entering pleas of not guilty to all charges, the defendant elected a trial by jury. When the case was reached for trial and just before the start of jury selection, the trial court, in response to the defendant's motion to dismiss all charges on the ground that the arrest was illegal, conducted an evidentiary hearing after which it denied the defendant's motion.

On appeal, the defendant claims that the trial court erred (1) in refusing to dismiss the charges against him despite its finding that the defendant was arrested unlawfully, and (2) in denying the defendant's motion to dismiss without logically and unambiguously stating its findings.

The facts adduced at the hearing on the defendant's motion to dismiss may reasonably be summarized as follows. In response to a complaint of a victim of a sexual assault, three uniformed police officers went to the defendant's home on July 2, 1984, at approximately 5:30 a.m. The defendant answered the officer's knock on his door at which point the police asked him to step

outside so that they could speak with him. The defendant was partially dressed and declined to come out but invited the officers into the house to talk. Upon their entry into the house, the police informed the defendant that there had been a complaint and asked him to come to the police station to discuss the "problem." The defendant agreed, and the police escorted him to the police cruiser. In accordance with standard police procedure, the defendant was patted down for weapons before he was allowed to enter the vehicle. The officers had not informed the defendant that he was not obligated to go with them, nor was he handcuffed or formally arrested at that time.

At the police station, the defendant was warned of his rights in accordance with the mandates of *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), after which he read and initialed a written waiver of those rights. The defendant was then interviewed by Sergeant Michael of the sexual assault unit of the Danbury police, following which the defendant gave a statement which, after it was transcribed by the police, he signed. At the time of the interview, the defendant had not been formally charged with or arrested for any crime and, according to the police, he was free to leave the station at will. After he gave the signed statement, the defendant was arrested.

Prior to trial, the defendant moved to dismiss all charges against him. The court held a hearing on the motion and upon the conclusion of the testimony and after argument by counsel, the court found that probable cause to arrest the defendant existed at the time the police initially went to the defendant's home, that the police could have obtained an arrest warrant, and that the defendant, by inviting the police in, consented to their entrance into his home. After a colloquy with counsel of the legal principles in *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900 (1965), which held that an ille-

gal arrest deprives the court of jurisdiction over the defendant, the trial court ruled as follows: "This court is satisfied that there was probable cause and the officers acted properly. There was no violation of the fourth amendment. There was consent, that the arrest is in fact valid, that it did occur in his home and [that there] was probable cause for such an arrest. If that's not enough then, to phrase it in such a way that it can be considered in the alternative, the court finds no probable cause, [the police] are absolutely wrong, everything they did was wrong and yet refused to follow *Licari* and if the Supreme Court wants a second opportunity to examine what they said in *Heinz* this will present it to them. Motion [to dismiss] is denied. . . . " Thereafter, the defendant was tried to a jury and was found guilty of three counts of sexual assault in the first degree.

The defendant's second claim of error, that he was denied his due process rights under the United States and the Connecticut constitutions by the court's failure to logically and unambiguously state its finding, even if valid, is immaterial, because for the purposes of this opinion, we shall accept the court's alternate findings and its conclusion that the defendant's arrest was unlawful.

Prior to *State* v. *Fleming,* 198 Conn. 255, 502 A.2d 886 (1986), the defendant, under *Licari,* supra, would have been entitled to prevail under his first claim of error, i.e., that the court, by failing to dismiss the charges against the defendant who was unlawfully arrested, committed reversible error. In *Fleming,* however, the court expressly overruled *Licari* when it unequivocally stated: "Our holding, in *Licari,* that an illegal arrest deprives the court of jurisdiction over the defendant's person, was . . . expressly derived from a misunderstanding of the federal cases, and this fragility in the *Licari* jurisdictional underpinnings has repeat-

edly been noted. See *State* v. *Heinz,* 193 Conn. 612, 629, 480 A.2d 452 (1984); *State* v. *Gallagher,* 191 Conn. 433, 438, 465 A.2d 323 (1983); Borden & Jaffe, 'The Trouble with *Licari;* Irony and Anomaly,' 55 Conn. B.J. 463, 465–69 (1981). As an interpretation of federal law, *Licari* can no longer stand.'' *State* v. *Fleming,* supra, 259–60.

Further, the *Fleming* court found no state constitutional grounds for sustaining *Licari.* It stated that "[n]othing in the language of the [state] constitutional provisions themselves sheds any light on the proper relationship between an illegal arrest and a subsequent conviction. Nothing in the constitutional history of this state, so far as we know, illuminates the issue. Courts in other jurisdictions, in decisions that are persuasive even though they are not binding, have followed the federal rule. We therefore conclude that an illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution and overrule *State* v. *Licari* to the extent that it holds to the contrary." (Footnotes omitted.) Id., 262–63.

This court, in *State* v. *Hansen,* 8 Conn. App. 26, 29, 510 A.2d 465 (1986), recognized that the rule of *Licari* has been abandoned in this state and reversed the ruling of the trial court dismissing the charges against the defendant because of the illegal arrest.

Although the defendant's claim in this case is based on Practice Book § 815 (4), regarding motions to dismiss based on the absence of the court's jurisdiction over the defendant, whereas the claim in *Hansen* was based on Practice Book § 815 (9), regarding motions to dismiss based on the insufficiency of the affidavit relied upon for the issuance of the arrest warrant, we hold that under either Practice Book subsection the defendant is no longer entitled to a dismissal of the

charges against him when the underpinning to support his motion to dismiss is based on the now defunct *Licari* ruling.

The defendant's argument that *Fleming* should not be given retroactive application is not persuasive. The court in *Fleming* expressly stated that *Licari* was based on an erroneous interpretation of federal law. The law is clear that only where there is a "clear break with the past" involving a new United States constitutional fourth amendment decision should a court consider a new rule as nonretroactive. See, e.g., *Solem* v. *Stumes,* 465 U.S. 638, 643–45, 104 S. Ct. 1338, 79 L. Ed. 2d 579 (1984); *Reed* v. *Reincke,* 155 Conn. 591, 600–601, 236 A.2d 909 (1967). Because the *Licari* rule was admittedly an erroneous application of the law, we conclude that the general rule enunciated in *United States* v. *Johnson,* 457 U.S. 537, 562, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982), that a decision such as in *Fleming,* where it was not a "clear break from the past," and which involved the fourth amendment of the United States constitution does apply retroactively to cases, such as the present one, which were pending on direct appeal when *Fleming* was decided.

Therefore, the ruling of the trial court, denying the defendant's motion for dismissal on the ground that the defendant arrest was illegal, was proper and in accordance with the law.

There is no error.

In this opinion the other judges concurred.