[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition requesting habeas corpus relief from allegedly illegal confinement following a conviction, after a jury trial, resulting from the ineffectiveness of the petitioner's trial counsel.
On October 18, 1983, the petitioner was arrested, pursuant to an arrest warrant and charged with robbery first degree, in violation of Connecticut General Statutes Section 53a-134, and larceny first degree, in violation of Connecticut General Statutes Section 53a-122. These charges stemmed from a bank robbery which occurred on June 30, 1983, in New Haven. On or about December 22, 1983, the petitioner's trial attorney, Thomas F. Flynn, III, prepared and filed a motion to dismiss the information against the petitioner on the basis that the petitioner's arrest was illegal because the allegations in the affidavit supporting the arrest warrant application were insufficient to establish probable cause to believe the petitioner committed the offenses alleged (Petitioner's Exhibit C-3). On January 27, 1984, this motion was granted by the trial court', and the charges against the petitioner were dismissed.
Immediately following dismissal the petitioner was again arrested for the same offenses plus a conspiracy charge, pursuant to a new arrest warrant (Petitioner's Exhibits D-1 and D-2). The second arrest warrant contained information absent from the first, viz. a statement from Rachel Santiago, given on November 17, 1983, approximately one month after the issuance of the first warrant. Her statement strongly implicated the petitioner in the plot to rob the bank.
On June 14, 1984, a motion to dismiss the new information was filed, asserting that the second arrest warrant affidavit also failed to support a finding of probable cause. This motion was withdrawn before trial. On July 5, 1984, the petitioner was found guilty by the jury on all counts, and, on August 31, 1984, he was sentenced to a total, effective sentence of twenty years CT Page 8649 confinement, execution suspended after seventeen years, and five years probation.
At the habeas hearing the petitioner abandoned all claims of ineffective assistance except one which contends that his trial counsel's performance was deficient in that no motion to dismiss the charges against the petitioner on the grounds of double jeopardy, res judicata, and collateral estoppel was made.
Our Supreme Court has adopted the two-pronged Strickland test for claims of ineffective assistance, Ostolaza v. Warden, 26 Conn. App. 758
(1992), p. 761. That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceeding would have been different, Ibid.
As to the first, or deficiency, prong of Strickland, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 425. This standard of reasonableness is measured by prevailing professional norms, Ibid. Every effort must be made by the habeas court to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Ibid.
In this regard, the court observes that, while the petitioner's post-hearing brief contains citations to several cases which describe how the doctrines of res judicata, collateral estoppel, and double jeopardy apply in criminal cases, the petitioner cites no Connecticut cases, and the court's research discloses no cases, which have held that a discharge of a criminal defendant resulting from a finding of no probable cause for his arrest or to continue prosecution bars a later prosecution on the same charges. On the contrary, there existed, during the time preceding the petitioner's prosecution, a line of Connecticut cases which stated the legal principle that a finding of a lack of probable cause does not prohibit subsequent arrest and trial for the same alleged misconduct.
In State v. Fox, 83 Conn. 286 (1910), our Supreme Court, considered a case where an accused was convicted after having been previously discharged as a result of a finding of no probable cause to prosecute. The Court stated, at p. 295, "[u]pon the discovery CT Page 8650 of new evidence, the accused may be again presented before the same court for another inquiry, or may be brought directly before the Superior Court upon an original information to answer to the same charge."
In the instant case, the petitioner had the charges against him dismissed under the now discredited doctrine of the case of State v. Licari, 153 Conn. 127 (1965). The Licari case had held that an arrest which was illegal because not based on probable cause deprived the court of in personam jurisdiction over a defendant and required dismissal of the pending charges, Ibid., p. 133. In Wojculewicz v. Cummings, 143 Conn. 624 (1956), our Supreme Court had noted that if the trial court lacks jurisdiction the resulting criminal conviction is void, and the accused is entitled to discharge. But the Court added a caveat. "We hasten to add, however, that if such an event should occur, the state could rearrest and retry the person without violating the principle of double jeopardy, "Ibid, p. 628 (emphasis added).
The statement that the discharge of an accused for lack of probable cause does not bar later prosecution was reiterated in State v. Wilson, 22 Conn. Sup. 345 (App.Div. 1961), p. 347; and in State v. Smith, 27 Conn. Sup. 429 (Super.Ct. 1968), p. 432. See also State v. Wichman, 6 Conn. Cir. 503 (1970) for a similar holding with respect to dismissal for a lack of speedy trial.
Also, the general rule outside of Connecticut appears to be that an individual may be re-indicted or re-informed against for the same conduct for which he was discharged because of a lack of probable cause to prosecute without offending the prohibition against double jeopardy or the principles of res judicata and collateral estoppel, 41 Am.Jur.2d Indictments and Informations Sections 20 through 36. See e.g. State v. Gellis, 375 So.2d 885
(Fla.App. 1979).
Perhaps, more significant is an article by Attorney Joseph F. Keels, entitled "Licari": Good Law and Good Sense," 55 C.B.J. 483 (1981). This article was written in response to the onslaught of criticism of the "fragile" holding in State v. Licari, supra, which holding eventually gave way in State v. Fleming, 198 Conn. 255
(1986). In his article Attorney Keefe observed, at p. 487, that the dismissal required by Licari for illegal arrests ought to be preserved, in part, because "if the State can remedy the defect, it can start anew with a new arrest warrant and prosecution." The author cites a Superior Court decision, State v. Kilduff, d.n. CT Page 8651 44808, in support of this procedure.
At the habeas hearing the petitioner introduced no legal expert to establish his position that the prevailing standard of professional competency at the time of the petitioner's prosecution would have obligated the petitioner's trial counsel to pursue the claim he now puts forward. The court is satisfied that a reasonably competent practitioner of criminal law would have believed, at that time, that a dismissal based on State v. Licari, supra, provided no grounds to prevent a later prosecution for the same offense. The Constitution only requires a fair trial and a competent attorney, Johnson v. Commissioner, supra, p. 425. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim, Ibid. The court concludes that the petitioner has failed to meet his burden of showing that his trial attorney's representation was deficient.
For these reasons, the petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court