[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to dismiss. The defendant, Catherine Teodosio, argues that she is entitled to a dismissal because the state breached its agreement with her. Essentially, she is arguing that her arrest and her prosecution are illegal because she had an agreement with the state that she would not be arrested or prosecuted. The State filed a brief in opposition, asserting that there was no valid and enforceable agreement between it and the defendant and that it has every right to prosecute the defendant. For reasons more fully explained below this court denies the defendant's motion.
The pertinent facts are as follows. The defendant was employed by the Department of Corrections as a teacher. During her tenure, she was accused of passing a cellular phone to an inmate and of engaging in sexual relations with an inmate. The State Police investigated these charges and requested that the defendant come to the State Police Barracks to be interviewed. On December 18, 1998, the defendant appeared with her attorney to be interviewed by the State Police. In attendance at the interview, in addition to two State Police officers, were two employees of the Department of Corrections. The defendant claims that the State Police officers promised her that if she resigned from the Department of Corrections, she would not be arrested or prosecuted for allegedly engaging in sexual relations with an inmate. The State denies that such a promise was ever tendered.
During a hearing, both the defendant and the attorney who represented her during the interview testified that the only reason she resigned from CT Page 13247 her position a few weeks short of the time that she would have become vested was because of the promise that she would not be arrested or prosecuted on the more serious charges arising out of the allegations of sexual misconduct. The State presented testimony and evidence to rebut this assertion. As a factual issue, this court deems it likely that the defendant did receive some assurance that if she resigned she would not be arrested or prosecuted.
Whether or not this assurance constitutes an enforceable agreement, however, is not dispositive in resolving the issue presented to this court, at this time. This court is not fully persuaded that any promise made by the State Police to the defendant constitutes an enforceable contract with the state. Assuming, arguendo, that the State did have an agreement with the defendant which it breached, then her arrest would be illegal. If as the defendant claims, she was promised that she wouldn't be arrested, and that she relied on that promise by taking certain actions, then she might be able to make a case that she was arrested illegally. Connecticut courts have rejected the argument that the illegality of an arrest compels dismissal. State v. Fleming, 198 Conn. 255
(1986) cert. denied, 475 U.S. 1143 (1986); State v. Banks,24 Conn. App. 408, 412-13 (1991); State v. Payton, 8 Conn. App. 345,349-50 (1986). In Fleming, the court held that "[w]e, therefore conclude that an illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution . . ." State v. Fleming, supra, 262-263 "An illegal arrest may impair the fairness of a subsequent prosecution only where evidence obtained as a direct consequence of that arrest is admitted against the defendant at trial." State v. McIver, 201 Conn. 559,563 (1986); State v. Ryerson, 201 Conn. 333, 338 (1986); State v. Douglas, 10 Conn. App. 103, 124 (1987); State v. Cubano, 9 Conn. App. 548,556 (1987).
The defendant makes no claims that the state obtained any evidence as a result of her arrest. In fact, the State argues that it had the same evidence against the defendant prior to her arrest as it has subsequent to her arrest. Accordingly, the defendant is not entitled to have her motion to dismissed granted. This court therefore, denies the motion.
Angela Robinson, J.